FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2016 AUG 10 PM 4:37
CLERK
SO. DIST. OF GA.


IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DIANNE DANIELS,　　　　　　　）
　　　　　　　　　　　　　　　）
　　　Plaintiff,　　　　　　　）
　　　　　　　　　　　　　　　）
v.　　　　　　　　　　　　　　）　　CASE NO. CV415-066
　　　　　　　　　　　　　　　）
CAROLYN W. COLVIN, Acting　　 ）
Commissioner of Social Security, )
　　　　　　　　　　　　　　　）
　　　Defendant.　　　　　　　）
　　　　　　　　　　　　　　　）

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 17), to which objections have been filed (Doc. 20). In her objections, Plaintiff largely repeats the same arguments contained in her initial brief. However, the Court can discern no further avenue for relief. As a result, and for the more specific reasons stated below, the Court finds Plaintiff's objections to be without merit. Accordingly, the Report and Recommendation is **ADOPTED** as the Court's opinion in this case and the Commissioner's decision denying benefits is **AFFIRMED**. The Clerk of Court is directed to **CLOSE** this case.

As the Magistrate Judge noted in his Report and Recommendation, the Court

> review[s] the Commissioner's decision for substantial evidence. Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to

> support a conclusion." Id. (quotation omitted). . . .
> "We may not decide the facts anew, reweigh the
> evidence, or substitute our judgement for that the
> Commissioner." Winschel, 631 F.3d at 1178 (quotation
> and brackets omitted). "If the Commissioner's decision
> is supported by substantial evidence, this Court must
> affirm, even if the proof preponderates against it."
> Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)
> (quotation omitted).

Mitchell v. Comm'r Soc. Sec. Admin., 771 F.3d 780, 782 (11th Cir. 2014). Accordingly, the Court cannot overturn a decision of the Commissioner merely because the Court may have decided differently if presented with the same facts. Instead, the Court looks to whether the Commissioner's decision is supported by substantial evidence, and whether the legal requirements and standards were followed.

Plaintiff contends that the Administrative Law Judge's ("ALJ") failure to find certain impairments severe at step 2 in the disability determination was not rendered harmless at later steps (Doc. 20 at 2), that the ALJ failed to include all of Plaintiff's impairments when presenting the residual functional capacity ("RFC") analysis (id. at 10), that the ALJ misstated Plaintiff's testimony to find her not credible (id. at 12), and that the ALJ ignored a third party report regarding Plaintiff's impairments (id. at 16). Each of these arguments must fail.

First, even if the ALJ erred in not finding Plaintiff's carpal tunnel or neck and back pain severe, it was harmless because the ALJ found Plaintiff's depression to be severe.

2

Heatly v. Comm'r of Soc. Sec., 382 F. App'x 823, 824-25 (11th Cir. 2010). Plaintiff, however, argues that the ALJ's finding at step 2 was not harmless because it resulted in the ALJ failing to consider whether those impairments met listing 1.04A[1] at step 3. (Doc. 20 at 2, 8.) As a result, Plaintiff alleges that the ALJ merely provided an insufficient "formulaic statement." See Jackson v. Colvin, 2013 WL 1352051 (N.D. Ala. Mar. 29, 2013).

This is not an accurate representation of the ALJ's analysis. While the ALJ did note that Plaintiff lacked "an impairment or combination of impairments that me[t] or medically equal[ed] the severity of one of the listed impairments," (Doc. 10 at 8) he made that statement when considering the objective medical evidence. This medical evidence included evaluations of Plaintiff's neck and back pain. (Id. at 10.) Accordingly, while the ALJ did not specifically mention listing 1.04A, his analysis of Plaintiff's impairments was far more than a mere "formulaic statement." As a result, the Court finds this objection to be without merit.

Second, Plaintiff argues that the ALJ failed to include all of Plaintiff's impairments when conducting the RFC. (Doc. 20 at 10.) This is incorrect. To the extent the ALJ did not include all of Plaintiff's impairments, it was because he found those claims to be "unsubstantiated by the clinical and diagnostic

---

[1] Listing 1.04 addresses disorders of the spine.

3

examinations, tests and findings." (Doc. 10 at 9.) The ALJ is not required to include non-credible testimony. See Washington v. Astrue, 2012 WL 1933768 at *10 (N.D. Fla. 2012) ("The ALJ properly set forth the credible difficulties or limitations that flowed from his step-two evaluation of [p]laintiff's mental impairments.") Since this determination was based on substantial evidence, the Court will not overturn it.

Third, Plaintiff alleges that the ALJ improperly discredited her testimony regarding the subjective pain standard. (Doc. 20 at 12.) However, Plaintiff's testimony was discredited because her "subjective allegations are . . . unsubstantiated by the clinical and diagnostic examinations, tests and findings." (Id. at 10.) The ALJ explained in detail that Plaintiff's testimony varied from the medical evidence contained in the record. (Doc. 10 at 11.) In particular, the ALJ noted that the Plaintiff's testimony differed markedly from the evaluation of her neurological and psychological examiners. (Id.) The ALJ explained that this difference resulted in Plaintiff being found not credible. (Id.) Because the decision to discredit Plaintiff's testimony was based on substantial evidence, the Court will not overturn it.

Finally, Plaintiff relies on Tieniber v. Heckler, 720 F.2d 1251 (11th Cir. 1983) for the proposition that the ALJ erred in not making a "sufficient finding as to [the third party witness

report's] credibility." (Doc. 20 at 17.) Specifically, Plaintiff argues that the ALJ did not address or reference the report of Plaintiff's niece. (Id. at 16.) However, the ALJ did not err in failing to specifically address the third party witness's report.

A credibility finding of a report of a third party witness may be implied from the record. However, Tieniber acknowledged that implied credibility findings are controversial when such findings must be inferred "solely from the ALJ's ultimate finding." Tieniber, 720 F.2d at 1255. However, an implied rejection of a third party report is acceptable when a substantially similar report is directly rejected. Id. at 1254. In this case, the fact that the third party witness's report was determined to be not credible is drawn from more than the ALJ's ultimate finding. The ALJ determined that Plaintiff's subjective testimony was not credible when compared with the objective medical evidence. (Doc. 10 at 10.) The third party report substantially mimicked Plaintiff's subjective testimony and can likewise be determined as incredible. Even if this were not true, Tieniber addressed the implied rejection of "uncontradicted testimony." 720 F.2d at 1254. Here, the testimony of the third party was directly contradicted by medical evidence. Accordingly, Tieniber would not apply even if Plaintiff's testimony and the third party witness's report were

5

not substantially similar. As a result, Plaintiff's objection must fail.

SO ORDERED this 10th day of August 2016.

*/s/ William T. Moore, Jr.*
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA